**GOVERNMENT OF THE VIRGIN ISLANDS OFFICE OF MANAGEMENT AND BUDGET, Petitioner**

**v.**

**GOVERNMENT EMPLOYEES SERVICE COMMISSION and EMILY GUMBS, Respondents**

Civil No. 172/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 7, 1994

ROBERT W. BORNHOLT, ESQ., Department of Justice, St. Thomas, V.I., *for petitioner*

VINCENT FRAZER, ESQ., St. Thomas, V.I., *for respondent the Government Employees Service Commission*

STYLISH WILLIS, ESQ., St. Thomas, V.I., *for respondent Emily Gumbs*

HODGE, *Presiding Judge*

### MEMORANDUM AND ORDER

The question presented in this Petition for Writ of Review is whether the Government Employees Service Commission (GESC) can reinstate a dismissed employee for the GESC's failure to hold a timely appeal hearing, without addressing the issue of its lack of jurisdiction based on the employee's failure to timely file the appeal. For the reasons which follow, this court answers the question in the negative.

On July 15, 1992, Respondent Emily Gumbs filed an appeal with Respondent, the GESC regarding the termination of her employment with Petitioner, the Government of the Virgin Islands, Office of Management and Budget (OMB). In response to the appeal, OMB requested that the matter be dismissed for Gumbs' failure to timely file her appeal with the GESC. On February 2, 1993, the GESC without addressing OMB's Motion to Dismiss, ordered that Gumbs be immediately reinstated to her former employment position with retroactive pay. The GESC held that because it had failed to timely hold a hearing on the matter, Gumbs should be reinstated. Thereafter, OMB petitioned the court for a Writ of Review of the GESC's decision.

The Court granted the Petition and has reviewed the entire record and the related statutory law.

Title 3 V.I.C. Section 530(a) provides that:

> "... where a department head ... decides to dismiss, demote or suspend a regular employee ... for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have 10 days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission."

Subsection (b) of the Statute further provides that:

> "The Government Employees Service Commission shall meet within 30 days after the filing of the appeal and shall afford the department head and the employee an opportunity to be heard."

The record shows that on July 1, 1992, Gumbs received notice of termination of her employment from OMB. On July 15, 1992, five (5) days after the 10-day statutory period, Gumbs appealed OMB's decision with the GESC. The GESC ruled on the matter on February 2, 1993, more than six months after Gumbs' appeal was filed without addressing the issue of the timely filing of her appeal. In other words, did the GESC have jurisdiction to entertain the appeal? Without addressing the jurisdictional issue, the GESC granted the appeal on the basis that the GESC hearing was not held within the 30 days after the filing of the appeal. While we agree that the GESC did not schedule a timely hearing, this Court concludes that the GESC erred in failing to address OMB's Motion to Dismiss Gumbs' appeal when she failed to file the appeal within the 10-day statutory period after receipt of the Notice of Termination.

27

If the issue of the timeliness of the GESC hearing is allowed to supersede the issue of GESC jurisdiction (i.e. the timeliness of the filing of the appeal) then the GESC could do indirectly that which was prohibited directly—jurisdiction by default. Indeed it would allow the GESC to reinstate all employees by mere inaction, without regard to whether it had jurisdiction in the first place. Such a scenario must be rejected by this Court. Thus, we hold that the GESC cannot reinstate a dismissed employee without first addressing the issue of its lack of jurisdiction based on the employee's failure to timely file the appeal.

Accordingly, it is hereby,

ORDERED, that the Order entered by the GESC on February 2, 1993 is REVERSED; and it is further,

ORDERED, that the GESC shall enter an appropriate Order dismissing the Emily Gumbs appeal for lack of jurisdiction, vacating her reinstatement, and upholding her dismissal by OMB.